**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| United States of America, *ex rel Lynda Glasser, Amanda Sauls, and Kim Swartz*, and Lynda Glasser, Amanda Sauls, and Kim Swartz, *Relators*, <br><br> Plaintiffs, <br><br> v. <br><br> Boykin Contracting Inc., Boykin Contracting Group Inc., Boykin Contracting Group JV L.L.C., Boykin Glass and Glazing Inc., Tory J. G. Brock, Thomas E. Brock, Sr., Cory J'Ron Adams, Jerry Eddins, and Other Unidentified Entities, <br><br> Defendants. | Civil Action No.: 3:14-cv-00224-JMC <br><br> **ORDER AND OPINION** |

Currently before the court is Plaintiff-Relators'[1] Motion for Voluntary Dismissal. (ECF No. 68.) Plaintiff-Relators assert that the Government has consented to dismissing the case without prejudice. (*Id.* at 2.) No Defendant has filed a Response to the pending Motion. For the following reasons, the court **GRANTS** the Motion for Voluntary Dismissal and dismisses the case without prejudice. (ECF No. 68.)

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKRGOUND

Plaintiff-Relators brought this action on behalf of themselves and the Government under the False Claims Act ("FCA") against Defendants. (ECF No. 1.) Defendants purportedly created several companies and fraudulently claimed that such companies were qualified under certain

---

[1] "Plaintiff-Relators" include Lynda Glasser, Amanda Sauls, and Kim Swartz.

1

federal programs to "gain access to federal contracts and submit[] claims for payments on those contracts[.]" (*Id.* at 3.) The instant action led to a settlement with Defendant Eddins. (ECF No. 62 at 2.)

Subsequently, Plaintiff-Relators filed the instant Motion. Plaintiff-Relators state that "[a] settlement was reached with Defendant Jerry Eddins. The United States has completed its investigation and does not intend to proceed with the action against any of the remaining [D]efendants. [Plaintiff-]Relators . . . desire to voluntarily dismiss this case." (ECF No. 68 at 1-2.) Additionally, "the [G]overnment consents to dismissal on the condition it is without prejudice to the United States." (*Id.* at 2.)

## II.     LEGAL STANDARD

Rule 41(a) governs voluntary dismissals of federal actions. Under Rule 41(a)(1), a plaintiff may voluntarily dismiss an action without a court order by filing (1) a notice of dismissal before the opposing party has filed an answer or summary judgment motion or (2) a stipulation of dismissal signed by all parties that have appeared. Pertinent to this case, Rule 41(a)(2) provides that in any other circumstance, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The primary force of [Rule] 41(a)(2) is to empower district courts to exercise discretion over voluntary dismissals." *GO Computer, Inc. v. Microsoft Corp.,* 508 F.3d 170, 177 (4th Cir. 2007). The Fourth Circuit would review a district court's decision to grant a Rule 41(a)(2) motion accordingly. *See Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co.,* 275 F.3d 384, 388 (4th Cir. 2001) (noting that abuse of discretion standard of review applies). The underlying "purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced," *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir. 1987); thus, a district court should grant a Rule 41(a)(2) motion "absent plain legal prejudice to the

defendant," *Ellett Bros.,* 275 F.3d at 388; *Bridge Oil, Ltd. v. Green Pac. A/S*, 321 F. App'x 244, 245 (4th Cir. 2008).

When determining whether a Rule 41(a)(2) motion should be appropriately granted, the court should consider the following non-exclusive factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *See Vosburgh v. Indemnity Ins. Co. of North America,* 217 F.R.D. 384, 386 (S.D.W. Va. Sept. 12, 2003).

### III.     ANALYSIS

Here, after carefully considering the above factors and the whole record, the court finds voluntary dismissal without prejudice is appropriate at this time, primarily due to the movants' stated need for dismissal. Specifically, the Government concluded its investigation, reached a settlement with one Defendant, and does not intend to proceed against any other Defendant at this time. Furthermore, there does not appear to be any excessive delay or lack of due diligence by the movants. The court accordingly grants the Motion for Voluntary Dismissal. (ECF No. 68.)

### IV.     CONCLUSION

For the foregoing reasons, the court **GRANTS** the Motion for Voluntary Dismissal and dismisses the case without prejudice. (ECF No. 68.)

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

January 19, 2021
Columbia, South Carolina