**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| United States of America, *ex rel Lynda Glasser, Amanda Sauls, and Kim Swartz*, and Lynda Glasser, Amanda Sauls, and Kim Swartz, *Relators*, <br><br> Plaintiffs, <br><br> v. <br><br> Boykin Contracting Inc., Boykin Contracting Group Inc., Boykin Contracting Group JV L.L.C., Boykin Glass and Glazing Inc., Tory J. G. Brock, Thomas E. Brock, Sr., Cory J'Ron Adams, Jerry Eddins, and Other Unidentified Entities, <br><br> Defendants. | Civil Action No.: 3:14-cv-00224-JMC <br><br> **ORDER AND OPINION** |

Currently before the court is Plaintiff-Relators'[1] Motion for Attorneys' Fees. (ECF No. 62.) The Government filed a Response opposing the Motion (ECF No. 63), to which Plaintiff-Relators filed a Reply (ECF No. 66). No above-captioned Defendant has responded to the pending Motion. For the following reasons, the court **DENIES** Plaintiff-Relators' Motion for Attorneys' Fees. (ECF No. 62.)

**I.     RELEVANT FACTUAL AND PROCEDURAL BACKRGOUND**

Plaintiff-Relators brought this action on behalf of themselves and the Government under the False Claims Act ("FCA") against Defendants. (ECF No. 1.) Defendants purportedly created several companies and fraudulently claimed that such companies were qualified under certain

---

[1] "Plaintiff-Relators" include Lynda Glasser, Amanda Sauls, and Kim Swartz. The term "Counsel" refers to Plaintiff-Relators' legal representation.

1

federal programs to "gain access to federal contracts and submit[] claims for payments on those contracts[.]" (*Id.* at 3.) The instant action led to a settlement with Defendant Eddins. (ECF No. 62 at 2.)

In the instant Motion, Plaintiff-Relators assert that in 2014 they "entered into a fee contract, whereby Relators' [C]ounsel would be entitled to a one-third share of any potential recovery in this [FCA] *qui tam* action as their attorneys' fees." (*Id.*) In 2017 in a separate criminal matter, this court entered an Order for Forfeiture against Sauls in an amount in excess of $2.6 million. (*Id.*) *See United States v. Sauls*, 3:16-CR-0560-JMC-09, ECF No. 341 (Dec. 5, 2017). Thereafter in 2020, Sauls received $56,661.00 in proceeds from the FCA settlement with Defendant Eddins. (ECF No. 62 at 2.) But because of the prior Order for Forfeiture, the court seized "Sauls' portion of the [FCA] settlement amount." (*Id.*) At bottom, Counsel seeks $18,887.00, which represents one-third of Sauls' forfeited settlement proceeds. (*Id.* at 3.)

## II.     LEGAL STANDARD

Under the FCA, a relator is entitled to two separate awards from two different sources. *See* 31 U.S.C. §3730(d)(1) (2010). First, the relator receives a share of any proceeds stemming from a settlement involving a defendant. *Id.* Second, the relator receives reasonable expenses, including attorneys' costs and fees, against a defendant. *Id.* The statute explicitly mandates the first award "shall be made from the proceeds" of the settlement while the second award for expenses "shall be awarded against the defendant." *Id.* Further, the statute plainly states that "[t]he Government is not liable for expenses which a person incurs in bringing an action under this section." 31 U.S.C. §3730(f).

### III.   ANALYSIS

The heart of this matter revolves around who should pay Counsel's attorneys' fees. Counsel believes the Government should "disburse $18,887.00 in attorneys' fees directly to [C]ounsel" from the settlement amount forfeited by Sauls. (ECF No. 66 at 3.) Counsel relies heavily on a case from the District of Idaho and the Department of Justice's ("DOJ") Justice Manual, both of which are examined *infra*. The Government counters that Sauls and Counsel are barred by statute from seeking expenses from the Government but may do so against Defendant Eddins.

Here, the court denies the instant Motion because, by statute, Sauls (and by extension Counsel) may not seek reasonable expenses from the Government under the FCA. *See* 31 U.S.C. §3730(f) ("The Government is not liable for expenses which a person incurs in bringing an action under this section."). Instead, Sauls must seek expenses from Defendant Eddins, if at all. *See* 31 U.S.C. §3730(d)(1). The fact Counsel contracted with Plaintiff-Relators to obtain one-third of their settlement proceeds does not alter the statutory language of the FCA nor somehow bind the Government to pay Sauls' expenses.[2] Further, the court notes that Counsel signed the contingency fee agreement in 2014 and thus should have been particularly cognizant of Sauls' subsequent $2.6 million forfeiture judgment in 2017, as it was reasonably foreseeable this judgment could impact any future settlement proceeds awarded under the FCA.[3]

---

[2] Other courts have found that the FCA does not prevent "an attorney from receiving both statutory and contingency fees." *See, e.g., United States v. Cooper Health Sys.*, 940 F. Supp. 2d 208, 217 (D.N.J. 2013) (compiling cases).

[3] Counsel posits that the DOJ's Justice Manual states forfeited assets transferred to a lawyer as fees "may be pursued" by the DOJ only if "there are reasonable grounds to believe that the attorney had reasonable cause to know that the asset was subject to forfeiture at the time of the transfer." Justice Manual, § 9-120.103 (available at https://www.justice.gov/jm/jm-9-120000-attorney-fee-forfeiture-guidelines#9-120.103).

3

Lastly, Counsel's heavy reliance on *United States ex. rel. Rafter H Constr., LLC v. Big-D Constr. Corp.*, is misplaced. 358 F. Supp. 3d 1096 (D. Idaho 2019). In *Rafter*, upon reconsideration the court awarded FCA attorneys' fees to the plaintiff-relators' counsel after initially using all of the FCA settlement proceeds "as an 'off-set' of pre-existing debt obligations between the parties." *Id.* at 1098, 1100-03. Yet *Rafter* grappled with whether to award attorneys' fees to the plaintiff-relators' counsel in the face of a debt obligation owed to a *defendant*; it thus provides little support to the instant scenario in which Counsel seeks attorneys' fees from the Government. Despite Counsel's claim to the contrary, the court simply does not believe "the entire statutory incentive structure of the" FCA has been circumvented, as Sauls may pursue recovery of her expenses in bringing this action against Defendant Eddins. Indeed, the contingency fee arrangement contracted between Plaintiff-Relators and Counsel occurred wholly outside of the statutory structure of the FCA's provision of expenses, including attorneys' fees. The court accordingly grants the Motion for Voluntary Dismissal.[4] (ECF No. 62.)

## IV.     CONCLUSION

For the foregoing reasons, the court **DENIES** the Motion for Attorneys' Fees. (ECF No. 62.)

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

January 19, 2021
Columbia, South Carolina

---

[4] Counsel does not argue he is a third party asserting an interest in forfeited property. Yet even construing the Motion in this manner, such a petition would be untimely. *See* 21 U.S.C. § 853(n). The court's Order for Forfeiture regarding Sauls provided thirty days for any party to assert an interest in the $56,661.00 settlement proceeds, *Sauls*, 3:16-CR-0560-JMC-09, ECF No. 555, and Counsel took sixty days to file the instant Motion (*see* ECF No. 62).